# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38943 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Evan G. SMITH**
Captain (O-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 15 April 2019

————————————

*Military Judge:* Mark W. Milam.

*Approved sentence:* No punishment.

*For Appellant:* Major Jarett Merk, USAF; William E. Cassara, Esquire.

*For Appellee:* Captain Anne M. Delmare, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, JOHNSON, and POSCH, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

In 2015, a general court-martial consisting of a military judge convicted Appellant, contrary to his pleas, of one specification of assault consummated by a battery upon a child under 16 years of age; one specification of perjury by giving false testimony; and one specification of child endangerment by culpable negligence in violation of Articles 128, 131, and 134, Uniform Code of Military

Justice (UCMJ), 10 U.S.C. §§ 928, 931, 934 (2012). The military judge acquitted Appellant of one specification of damaging non-military property; one specification of rape by using force; one specification of forcible sodomy; one specification of assault consummated by a battery; and one specification of assault consummated by a battery upon a child under 16 years of age in violation of Articles 109, 120, 125, and 128, UCMJ, 10 U.S.C. §§ 909, 920, 925, 928 (2012). The military judge sentenced Appellant to a dismissal. The convening authority approved the sentence as adjudged.

Appellant initially raised three assignments of error, asserting his perjury conviction was legally and factually insufficient; his assault consummated by a battery upon a child under 16 years of age conviction was factually insufficient; and the military judge's exception of the "divers occasions" language rendered his conviction for child endangerment ambiguous. In our original opinion, *United States v. Smith*, No. ACM 38943, 2017 CCA LEXIS 474 (A.F. Ct. Crim. App. 14 Jul. 2017) (unpub. op.), we set aside and dismissed with prejudice the convictions for perjury and child endangerment, affirmed the conviction for assault consummated by a battery upon a child under the age of 16 years, set aside the sentence, and authorized a rehearing.

On 8 December 2017, the convening authority ordered a rehearing on sentence. On 28 November 2018, the convening authority determined a rehearing was impracticable and imposed a sentence of no punishment.

The previously-affirmed finding and newly-approved sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the previously affirmed finding in *Smith*, unpub. op., and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court